IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN B. SLATER, ) | 1:06-cv-01363-AWI-SMS-HC |
| Petitioner, ) | **FINDINGS AND RECOMMENDATION** |
| vs. ) | (Doc. 4) |
| DAVID SMITH, WARDEN, et al., ) | |
| Respondents. ) | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On November 6, 2006, the court issued an order requiring Petitioner to show cause why the instant petition should not be dismissed for failure to state a claim upon which relief may be granted, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

    In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1  Respondents; (4) the public policy favoring disposition of cases on
2  their merits; and, (5) the availability of less drastic
3  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
4  1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
5  finds that the public's interest in expeditiously resolving this
6  litigation and the court's interest in managing the docket weigh in
7  favor of dismissal.  The third factor, risk of prejudice to
8  Respondents, also weighs in favor of dismissal, since a presumption
9  of injury arises from the occurrence of unreasonable delay in
10 prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th
11 Cir. 1976).  The fourth factor -- public policy favoring disposition
12 of cases on their merits -- is greatly outweighed by the factors in
13 favor of dismissal discussed herein.  Finally, a court's warning to
14 a party that failure to obey the court's order will result in
15 dismissal satisfies the "consideration of alternatives"
16 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at
17 132-33; Henderson, 779 F.2d at 1424.  The court's order of November
18 6, 2006, requiring Petitioner to show cause expressly stated:
19 "Petitioner is advised that failure to comply with this order will
20 result in a recommendation that the instant petition be dismissed
21 for failure to state a claim upon which relief may be granted and
22 for failure to comply with a court order. Local Rule 11-110."
23 Thus, Petitioner had adequate warning that dismissal would result
24 from his noncompliance with the court's order.
25     Accordingly, the court HEREBY RECOMMENDS that this action be
26 DISMISSED for Petitioner's failure to state a claim upon which
27 relief may be granted and for failure to comply with a court order.
28 Local Rule 11-110.

    These Findings and Recommendation are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 3, 2007**                      **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE